UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jose Alvarez Mendoza,<br><br>    Petitioner,<br><br>    v.<br><br>Antone Moniz, Superintendent of Plymouth County Correctional Facility; and Todd Lyons, Boston Field Director of U.S. Citizenship and Immigration Services<br><br>    Respondents. | Civil Action No. 23-11768-MJJ |

## **MEMORANDUM OF DECISION**

October 23, 2023

JOUN, D.J.

  On August 2, 2023, petitioner Jose Alvarez Mendoza ("Mr. Alvarez Mendoza") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. In his Petition, Mr. Alvarez Mendoza argues he has been unreasonably detained without a bond hearing in violation of the Fifth Amendment and challenges the adequacy of his medical care, conditions of confinement, and the denial of a meaningful opportunity to participate in his removal proceedings. [*Id*. at ¶ 1-2]. On August 24, 2023, respondent Antone Moniz ("Mr. Moniz" or "Government") filed an opposition. [Doc. No. 13]. Mr. Moniz argues that Mr. Alvarez Mendoza's mandatory detention has not become unreasonably prolonged and neither release nor a bond hearing is warranted. [*Id*.] On August 31, 2023, Mr. Alvarez Mendoza filed a reply. [Doc.

No. 20]. For the following reasons, the Petition for a Writ of Habeas is <u>DENIED</u> without prejudice.

## I. BACKGROUND

Mr. Alvarez Mendoza was born in El Salvador in 1984. [Doc. No. 1 at ¶ 10]. When Mr. Alvarez Mendoza was eight years old, Mr. Alvarez Mendoza's biological mother started dating a gang member who was verbally and physically abusive towards him. [*Id*. at ¶ 11].

At fifteen years old, Mr. Alvarez Mendoza attempted to stop his mother's boyfriend from harming his mother. [*Id*. at ¶ 12]. As a result, Mr. Alvarez Mendoza was attacked with a machete and gun and threatened with gang violence. [*Id*.]. Fearing for his life, Mr. Alvarez Mendoza fled to the United States in 2001, and lived with his aunt, Yolanda Mendoza, in Chelsea, Massachusetts. [*Id*. at ¶ 13]. Since then, Mr. Alvarez Mendoza has resided in the United States. [*Id*. at ¶ 14]. Mr. Alvarez Mendoza originally lived with his former romantic partner, who is a U.S. legal permanent resident, and three sons, who are U.S. citizens. Mr. Alvarez Mendoza also has a son in El Salvador. [*Id*. at ¶ 14].

In 2003, Mr. Alvarez Mendoza began working at Boston Hides & Furs, Ltd. ("Boston Hides"). [*Id*. at ¶ 16]. In 2012, the Department of Labor ("DOL") opened an investigation into Boston Hides, which led to a major federal suit against the employer. [*Id*. at ¶ 17]. In March 2013, as a result of Mr. Alvarez Mendoza's cooperation, DOL issued a Form I-918B U Nonimmigrant Status Certification, certifying that Mr. Alvarez Mendoza was the victim of federal crimes of Obstruction of Justice, Witness Tampering, Forced Labor, and Involuntary Servitude. [Doc. No. 1 at 18]. Subsequently, Mr. Alvarez Mendoza asked Greater Boston Legal Services ("GBLS") to assist him in preparing a U visa petition. [*Id*. at ¶ 20]. In September 2013,

a GBLS attorney submitted the petition to United States Immigration and Customs Enforcement ("USCIS"). [*Id*. at ¶ 20].

In June 2015, Mr. Alvarez Mendoza was arrested and charged with Domestic Assault and Battery upon a Family Member. [Doc. No. 1 at ¶ 22; Doc. No. 1-3]. In November 2015, Mr. Alvarez Mendoza was charged with Assault and Battery and violation of an Abuse Prevention Order. [Doc. No. 1-3, Exhibit 5, p. 172]. In March 2016, Mr. Alvarez Mendoza was charged with violation of an Abuse Prevention Order and Larceny over $250. [*Id*.]. Mr. Alvarez Mendoza pled guilty to two counts of Assault and Battery, two counts of Abuse Order Prevention violations, and Larceny over $250, in exchange for a two-year probation sentence. [Doc. No. 1 at ¶¶ 27-28]. Mr. Alvarez Mendoza states his lawyer failed to inform him of adverse immigration consequences resulting from the convictions. [*Id*. at ¶ 27]. Additionally, during this time, Mr. Alvarez Mendoza lost contact with the GBLS attorney representing him on his U visa petition. [*Id*. at ¶ 30]. In 2016, USCIS requested additional information but did not receive a response from Mr. Alvarez Mendoza. [*Id*. at ¶ 31]. As a result, in 2017, USCIS denied Mr. Alvarez Mendoza's petition after deeming the petition abandoned. [*Id*.].

The convictions triggered Immigration and Customs Enforcement's ("ICE") initial custody determination under 8 U.S.C. § 1226(c). [*Id*. at ¶ 34]. Mr. Alvarez Mendoza is currently detained at the Plymouth County House of Corrections and has Trespassing and Assault with a Dangerous Weapon charges pending in the Chelsea District Court. [Doc. No. 1 at ¶ 34; Doc. No. 1-3].

## II.   PROCEDURAL HISTORY

On May 20, 2022, ICE served Mr. Alvarez Mendoza with a Notice to Appear. [Doc. No. 1-3, Exhibit M, p. 74]. That same day, Mr. Alvarez Mendoza was arrested by ICE on grounds that

he was unlawfully present in the United States and had committed a crime involving moral turpitude. [Doc. No. 1 at ¶ 50]. On June 13, 2022, Mr. Alvarez Mendoza appeared at his master calendar hearing and requested time to find an attorney. [Doc. 13-1 at ¶ 14]. The request was granted, and the Immigration Judge reset the matter to June 27, 2022. [*Id*.]. On June 27, 2022, Mr. Alvarez Mendoza requested an extension to find an attorney; the case was continued again. [*Id*. at ¶ 16]. On July 11, 2022, Mr. Alvarez Mendoza requested another extension, which was denied by the Immigration Judge. [*Id*. at ¶ 17]. The Immigration Judge sustained the charges of removability and directed Mr. Alvarez Mendoza to file his application for relief and protection from removal at the next master calendar meeting. [*Id*.]. On July 25, 2022, Mr. Alvarez Mendoza filed an application for relief from removal and requested eight weeks to prepare for the hearing. [*Id*. at ¶ 19]. Mr. Alvarez Mendoza applied for political asylum, withholding of removal, and protection under the Convention Against Torture. [Doc. No. 1 at ¶ 52]. On October 25, 2022, the Immigration Judge denied Mr. Alvarez Mendoza applications and issued a removal order against him. [*Id*.].

    Mr. Alvarez Mendoza timely appealed. [*Id*. at ¶ 53]. On January 10, 2023, the Board of Immigration Appeals ("BIA") issued a briefing schedule, which was extended at the request of Mr. Alvarez Mendoza. [Doc. 13-1 at ¶¶ 24-26].  On April 21, 2023, BIA vacated the removal order and remanded for further proceedings before the Boston Immigration Court. [Doc. No. 1 at ¶ 53]. On April 25, 2023, DOL reissued its U visa certification for Mr. Alvarez Mendoza. [*Id*. at ¶ 55]. On remand, on May 30, 2023, the Immigration Judge ordered Mr. Alvarez Mendoza removed for a second time and described the reasoning for removal in a written decision. [*Id*. at ¶ 54]. Mr. Alvarez Mendoza timely appealed. [*Id*.].  On July 14, 2023, BIA issued a briefing schedule, which was extended at the request of Mr. Alvarez Mendoza. [Doc. 13-1 at ¶¶ 33-34].

On July 21, 2023, Mr. Alvarez Mendoza filed a second Form I-918 Petition for U Nonimmigrant Status with USCIS and a Form I-192, Application for Advanced Permission to Enter as a Non-Immigrant. [*Id*. at ¶ 36]. On August 15, 2023, the Government filed a Motion to Expedite Mr. Alvarez Mendoza's Appeal with BIA. [*Id*. at ¶ 37].

### III. DISCUSSION

#### A. Mandatory Detention and the Due Process Clause

"Under 8 U.S.C. § 1226(c), aliens who have committed certain criminal offenses are subject to mandatory detention after serving their criminal sentence and pending their removal hearings." *Reid v. Donelan*, 819 F.3d 486, 491 (1st Cir. 2016). The criminal offenses include "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." *Gordon v. Lynch*, 842 F.3d 66, 67 n.1 (1st Cir. 2016). However, "[t]he concept of a categorical, mandatory, and indeterminate detention raises several constitutional concerns," particularly pertaining to the Due Process Clause. *Reid*, 819 F.3d at 494. Mandatory detention under § 1226(c) without a bond hearing can violate the Due Process Clause when it becomes unreasonably prolonged. *See id*.

When determining the reasonableness of continued categorial detention, courts examine "the total length of the detention; the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order." *Id*. at 500. When detention "lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics," detention is likely unreasonable. *Reid v. Donelan,* 390 F. Supp. 3d 201, 219 (D. Mass. 2019).

1.  **<u>Length of Detention</u>**

"The total length of detention is the most important factor" when determining the reasonableness of mandatory detention under § 1226(c). *Id*. at 219. Here, Mr. Alvarez Mendoza was detained by ICE on May 20, 2022. As of the date of this opinion, Mr. Alvarez Mendoza will have been detained for around seventeen months. Thus, since more than a year has passed, Mr. Alvarez Mendoza's detention is presumptively unreasonable.

The Government argues Mr. Alvarez Mendoza engaged in dilatory tactics by requesting multiple continuances from the Immigration Court and BIA. In June 2022, Mr. Alvarez Mendoza was granted two-week extensions on two separate instances to find an attorney to represent him. Additionally, Mr. Alvarez Mendoza requested eight weeks to prepare for his merits hearing before the Immigration Judge. Finally, upon both appeals, Mr. Alvarez Mendoza received two twenty-one-day extensions of the briefing schedule. While Mr. Alvarez Mendoza's requests have caused delays, the requested extensions were for the purpose of retaining counsel and preparing for hearings, rather than any undue dilatory tactic. *Campbell v. Moniz*, No. 20-cv-10697, 2020 WL 1953611, at *3 (D. Mass. Apr. 23, 2020) (finding that petitioner was not dilatory even though "the case was reset for short periods of time to allow Petitioner to obtain counsel and for his attorney to prepare his applications for relief"). Furthermore, "[t]here is a difference between 'dilatory tactics' and the exercise of an alien's rights to appeal." *Reid*, 819 F. 3d at 500 n.4. Thus, Mr. Alvarez Mendoza's two appeals were not dilatory tactics, especially where in the first appeal, BIA remanded the case for further findings. Since his detention has exceeded one year, the first *Reid* factor leans in favor of Mr. Alvarez Mendoza.

### 2. Other Relevant Factors

In addition to [1] the length of detention, courts also examine "[2] the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); [3] the period of the detention compared to the criminal sentence; [4] the promptness (or delay) of the immigration authorities or the detainee; and [5] the likelihood that the proceedings will culminate in a final removal order." *Id*. at 500. At this stage, the remaining *Reid* factors all weigh in favor of the Government. Thus, taken together, Mr. Alvarez Mendoza's mandatory detention without a bond hearing is not unreasonably prolonged, and does not constitute a Due Process violation.

The second *Reid* factor, the foreseeability of the proceedings concluding in the near future, weighs in favor of the Government. Here, Mr. Alvarez Mendoza was twice found removable from the United States by the Immigration Judge. Mr. Alvarez Mendoza's first appeal was dismissed in part but remanded to the Immigration Judge to issue a new decision with more detailed factual findings and legal analysis. Mr. Alvarez Mendoza's second appeal is pending; however, the appeal is anticipated to quickly resolve given that the briefings were due August 25, 2023. Furthermore, on August 15, 2023, the Government filed a Motion to Expedite Mr. Alvarez Mendoza's Appeal with BIA. The BIA appeal is fully briefed, and it is readily foreseeable that proceedings will conclude in the near future. Thus, the second *Reid* factor weighs in favor of the Government.

Mr. Alvarez Mendoza argues the DOL reissued his U visa certification, which will either extend or terminate his removal proceedings. However, such extension or termination is dependent on ICE's joint agreement. *See* 8 C.F.R. § 214.14(c)(1)-(2). According to the Government, ICE has reviewed this matter and declined to join a Motion to Terminate

Petitioner's removal proceedings. For these reasons, there remains reasonable foreseeability that the proceedings will conclude in the near future.

The third *Reid* factor, the period of the detention compared to the criminal sentence, also weighs in favor of the Government. Mr. Alvarez Mendoza has spent around eighteen months in criminal custody because of his underlying convictions. Thus, the length of Mr. Alvarez Mendoza's detention, around seventeen months, is slightly less than the time spent incarcerated.

The fourth *Reid* factor is the promptness of immigration authorities and detainee. The Government has not unreasonably delayed Mr. Alvarez Mendoza's proceedings. The ICE attorneys have not sought continuances, the Immigration Judge kept Mr. Alvarez Mendoza's case proceeding expeditiously,[1] and BIA acted quickly to issue briefing schedules and to remand the matter to the Immigration Judge for further analysis. Overall, the proceedings have moved without excessive delay; the Government has been diligent to move the proceedings forward.

Finally, the fifth *Reid* factor, the likelihood that the proceedings will culminate in a final removal order, weighs in favor of the Government. Here, the Immigration Judge issued a comprehensive and reasoned fourteen-page decision on May 30, 2023, after a hearing. Based on a review of the opinion, the final *Reid* factor weighs in favor of the Government. *Tahlil v. Moniz*, No. 20-cv-10847, 2020 WL 2560967, at *3 (D. Mass. May 20, 2020) (explaining that Immigration Judge's decision was "Court's best guide in determining the likelihood that the proceedings will conclude in a final removal order").

---

[1] Mr. Alvarez Mendoza argues "[i]n September 2022, the immigration court rescheduled Mr. Alvarez Mendoza's hearings by nearly three weeks." [Doc. No. 18-1, p. 5]. This is inaccurate. The original merits hearing was set for September 28, 2022, upon Mr. Alvarez Mendoza's request for eight weeks to prepare. [Doc. No. 13-1 at ¶ 19]. The Immigration Court issued a hearing notice rescheduling the hearing to October 5, 2022. [*Id*. at ¶ 19-20]. The delay was merely one week. Furthermore, the Immigration Judge took less than a month to write a 14-page written decision as ordered by the BIA.

### B.     Other Fifth Amendment Claims and Rehabilitation Act Claim

In addition to his mandatory detention claim under § 1226(c), Mr. Alvarez Mendoza makes claims pertaining to his conditions of confinement and his opportunity to meaningfully participate in his removal proceedings. Mr. Alvarez Mendoza specifically argues (1) a violation of a Fifth Amendment duty to provide adequate medical and mental health care; (2) punishment of a civil detainee in violation of the Fifth Amendment; and (3) failure to provide a reasonable accommodation in violation of Section 504 of the Rehabilitation Act of 1973.

Mr. Alvarez's argument that he received inadequate medical care falls outside the scope of habeas corpus. Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of confinement, while a non-habeas civil action is the proper method of challenging conditions of confinement, such as claims based on inadequate medical care, as here. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-499 (1973); *see also Kane v. Winn,* 319 F. Supp. 2d 162, 215 (D. Mass. 2004). ("This Court is of the view that, with the exception of extreme cases […] most challenges to the constitutional adequacy of medical care should proceed as civil rights claims under *Bivens* or Section 1983, or as an ordinary civil action under federal law"). Thus, this Court declines to address Mr. Alvarez Mendoza's claim of a violation of the Fifth Amendment duty to provide adequate medical and mental health care.

Mr. Alvarez Mendoza argues that a delay in receiving shoulder surgery and lack of health treatment in Plymouth constitutes a punishment in violation of the Eighth Amendment. "If the conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available." *United States v. DeLeon*, 444 F.3d 41, 59 (1st Cir. 2006). Mr. Alvarez Mendoza frames his claim in Eight Amendment terms; however, the substance of the facts he presents, the failure to provide adequate medical care, relate solely to the conditions of confinement. The claim does not

relate to the very fact or duration of the confinement itself and is, thus, more appropriately reviewed in a non-habeas civil action.

Finally, Mr. Alvarez Mendoza argues a failure to provide a reasonable accommodation in violation of Section 504 of the Rehabilitation Act of 1973. While ostensibly seeking release, Mr. Alvarez Mendoza again describes facts relating to the adequacy of medical treatment or the conditions of confinement. Thus, for similar reasons, such claim is properly addressed in a non habeas civil action.

### CONCLUSION

Although Mr. Alvarez Mendoza's detention has exceeded one year, the other *Reid* factors, taken as a whole, favor the Government and are sufficient to overcome any presumption of unreasonableness. Because Mr. Alvarez Mendoza's continued detention has not been unreasonably prolonged in violation of due process, he is not entitled to a bond hearing at this time. That decision is subject to reconsideration should circumstances materially change. For the foregoing reasons, Mr. Alvarez Mendoza's Petition for Writ of Habeas is <u>DENIED</u> without prejudice.

SO ORDERED.

<u>/s/ Myong J. Joun</u><br>
United States District Judge